IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

MEMORY PHARMACEUTICALS )
CORP., )
100 Philips Parkway, Montvale, NJ 07645 )
 )
      Plaintiff, )
 )
  v. )
 )
 ) Civil Action No. _____
JOHN J. DOLL, Under Secretary of Commerce )
for Intellectual Property and Director of the )
United States Patent and Trademark Office )
 )
Office of General Counsel )
United States Patent and Trademark Office )
P.O. Box 15667 )
Arlington, VA 22215 )
Madison Building East, Rm. 10B20 )
600 Dulany Street )
Alexandria, VA 22314 )
 )
      Defendant. )
 )

## COMPLAINT

Plaintiff Memory Pharmaceuticals Corp., for its complaint against the Honorable John J. Doll, states as follows:

### NATURE OF ACTION

1. This is an action by the assignee of the United States Patent No. 7,429,664 ("the '664 patent"). Plaintiff Memory Pharmaceuticals Corp. seeks correction of patent term adjustment for this patent pursuant to the Administrative Procedure Act and 35 U.S.C. § 154(b)(4)(A).

2. This action arises under 35 U.S.C. § 154 and the Administrative Procedure Act, 5 U.S.C. §§ 701-706.

## THE PARTIES

3. Plaintiff Memory Pharmaceuticals Corp. ("Memory Pharmaceuticals" or "Plaintiff") is a Delaware corporation having a principal place of business at 100 Philips Parkway, Montvale, NJ 07645.

4. Defendant John J. Doll is the Under Secretary of Commerce of Intellectual Property and Director of the United States Patent and Trademark Office ("USPTO" or "Defendant"), acting in his official capacity. The Director is the head of the USPTO and is responsible for superintending or performing all duties required by law with respect to the granting and issuing of patents, and is designated by statute as the official responsible for determining the period of patent term adjustments under 35 U.S.C. § 154.

## JURISDICTION AND VENUE

5. This Court has jurisdiction to hear this action and is authorized to issue the relief sought pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1361, 35 U.S.C. § 154(b)(4)(A) and 5 U.S.C. §§ 701-706.

6. Venue is proper in this judicial district under 35 U.S.C. § 154(b)(4)(A).

7. This Complaint is timely filed in accordance with 35 U.S.C. § 154(b)(4)(A) and Fed. R. Civ. P. 6(a).

## FACTUAL BACKGROUND

8. Wenge Xie, Brian Herbert, Truc Nguyen, Carla Gauss and Ashok Tehim are co-inventors of the subject matter as claimed in patent application number 10/669,645 ("the 645 application") which issued as the '664 patent, entitled Indazoles, Benzothiazoles, and

Benzoisothiazoles, and Preparation and Uses Thereof, on September 30, 2008. The '664 patent is attached hereto as Exhibit A.

9. Memory Pharmaceuticals is the assignee of the '664 patent as evidenced by the assignment documents recorded at the USPTO. The entire right, title, and interest to the '664 patent, including the right to sue and recover for past infringement thereof, is assigned to and is owned by Memory Pharmaceuticals.

10. Section 154 of 35 U.S.C. requires that the Director of the USPTO grant a patent term adjustment in accordance with the provisions of section 154(b). Specifically, 35 U.S.C. § 154(b)(3)(D) states that "[t]he Director shall proceed to grant the patent after completion of the Director's determination of a patent term adjustment under the procedures established under this subsection, notwithstanding any appeal taken by the applicant of such determination."

11. In calculating the patent term adjustment, the Director is required to extend the term of a patent for a period equal to the total number of days attributable to delay by the USPTO under 35 U.S.C. § 154(b)(1), as limited by (a) any overlapping periods of delay by the USPTO as specified under 35 U.S.C. § 154(b)(2)(A), (b) any disclaimer of patent term by the applicant under § 154(b)(2)(B) and (c) any delays attributable to the applicant under 35 U.S.C. § 154(b)(2)(C).

12. When the USPTO issued the '644 patent on September 30, 2008, it erroneously calculated the entitled patent term adjustment for the '644 patent as 652 days.

13. Under 35 U.S.C. § 154(b)(4)(A), "[a]n applicant dissatisfied with a determination made by the Director under [35 U.S.C. § 154(b)(3)] shall have remedy by a civil action against the Director filed in the United States District Court for the District of Columbia within 180 days after the grant of the patent. Chapter 7 of title 5 shall apply to such action."

14. The error in methodology in the USPTO's patent term adjustment calculations is detailed in a recent opinion from the U.S. District Court for the District of Columbia in an unrelated action regarding a different patent, entitled *Wyeth v. Dudas*, No. 07-1492, 580 F. Supp. 2d 138 (D.D.C. Sept. 30, 2008).

15. As discussed by the court in that opinion, "[t]o mitigate the damage that bureaucracy can do to inventors" 35 U.S.C. § 154(b) provides separate guarantees to protect inventors against USPTO delays . (*Wyeth*, 580 F. Supp. 2d at 139). Specifically, subsection (b)(1)(A) entitled "[g]uarantee of prompt Patent and Trademark Office response" provides a one day extension of patent term for every day that issuance of a patent is delayed due to the USPTO's failure to comply with certain enumerated statutory deadlines. Periods of delay under this provision are referred to as "A Delays." (*Id.*) Subsection (b)(1)(B) entitled "[g]uarantee of no more than 3-year application pendency" provides a one-day term extension granted for every day greater than three years after the filing date that it takes the patent to issue (with certain exclusions expressly stated in the statute). The period of delay caused by failure to issue the patent within three years is called the B Delay. (*Id.* at 139-140). The extensions granted under the A and B Delays are subject to certain limitations including the limitation of subsection (b)(2)(A), which provides that to the extent periods of delay "overlap, the period of adjustment granted...shall not exceed the actual number of days the issuance of the patent was delayed." (*Id.* at 140)

16. In *Wyeth*, the Court held that the USPTO's patent term adjustment calculation methodology, which was based on the interpretation that any A delay "overlaps any 3-year maximum pendency delay under § 154(b)(1)(B): the applicant gets credit for 'A delay' or for 'B delay,' whichever is larger but never A + B," was erroneous as a matter of law and inconsistent with 35 U.S.C. § 154. (*Id.* at 140, 142)

17. In view of the recent decision from this Court in *Wyeth*, the USPTO is obligated to award patent term adjustment under both 35 U.S.C. § 154(b)(1)(A) and 35 U.S.C. § 154(b)(1)(B) except where both delays occur on the same day, in which case the applicant is awarded a single day of patent term adjustment, minus any time attributable to "Applicant Delay." 35 U.S.C. § 154(b)(2)(C). In calculating the adjustment due to the '644 patent, the USPTO failed to use this proper methodology.

18. Additional specific errors in the USPTO's calculation are detailed in Plaintiffs Request for Reconsideration submitted September 30, 2008 to the Director of the USPTO, pursuant to 37 CFR § 1.705(b). ("Request" attached as Exhibit B). In the Request, the co-inventors solicit that the patent term adjustment for the '645 application be corrected because the USPTO should not have assessed Applicant Delay of 120 days for the co-inventors submission of a so-called "Information of Disclosure Statement" which was filed on January 23, 2008. The Request for Reconsideration remains pending before the USPTO.

## COUNT I

19. The allegations of paragraphs 1-18 are incorporated in this count as if fully set forth.

20. When the USPTO issued the '644 patent on September 30, 2008, it erroneously calculated the entitled patent term adjustment for the '644 patent as 652 days. Had the USPTO calculated the entitled patent term adjustment properly, the period of Applicant Delay pursuant to 35 U.S.C. § 154(b)(2)(C) would have been determined as 5 days rather than 125 days, with the term adjustment modified accordingly.

21. Pursuant to 35 U.S.C. § 154(b)(2)(C), when calculating the patent term adjustment, the total period of USPTO delay is reduced by the period of Applicant Delay. For the '645 application, the USPTO incorrectly assessed an Applicant Delay of 125 days, including a delay

of 5 days for the filing of response after non-final action on March 16, 2007, and a delay of 120 days for the submission of a so-called "Information Disclosure Statement" for a paper filed January 23, 2008.

22. Plaintiff's paper filed January 23, 2008 was a "Request for Complete Notice of Allowance," not an "Information Disclosure Statement". A Request for Complete Notice of Allowance is not a circumstance constituting a failure to engage in reasonable efforts to conclude processing or examination pursuant to 35 U.S.C. § 154(b)(2)(C). Had the USPTO properly calculated the Applicant Delay pursuant to 35 U.S.C. § 154(b)(2)(C), the total period of USPTO delay would be reduced by only 5 days of Applicant Delay.

23. Accordingly, pursuant to 35 U.S.C. § 154(b)(2)(C), the total period of USPTO delay should be reduced by the period of Applicant Delay of only 5 days, resulting in a patent term adjustment of at least 772 days.

24. Defendant's imposition of 125 days of Applicant Delay for the '644 patent is arbitrary, capricious, an abuse of discretion, inconsistent with the language of 35 U.S.C. § 154 and related rules, or otherwise not in accordance with law and in excess of statutory jurisdiction, authority or limitation.

## COUNT II

25. The allegations of paragraphs 1-24 are incorporated in this count as if fully set forth here.

26. When the USPTO issued the '644 patent on September 30, 2008, it erroneously calculated the entitled patent term adjustment for the '644 patent as 652 days, as listed on the face of the patent. (Exhibit A at 1) Had the USPTO calculated the entitled patent term

adjustment properly pursuant to 35 U.S.C. § 154(b), the '644 patent would be entitled to at least 1332 days of patent term adjustment.

27. This Court, in *Wyeth*, issued an opinion explaining the proper method for calculating patent term adjustments under 35 U.S.C. § 154(b). (Exhibit B at 141-142). The correct patent term adjustment methodology identified in *Wyeth* governs the USPTO's calculation of patent term adjustment for Plaintiff's '644 patent.

28. The USPTO's determination of a 652-day patent term adjustment is in error. Pursuant to 35 U.S.C. § 154(b)(1)(B), the USPTO failed to allow an adjustment for B Delay, i.e., the time exceeding three years after the actual filing date of the '645 application to the date when the '644 patent issued. An additional patent term adjustment of 680 days should be added to the '644 patent.

29. The '645 application was filed on September 25, 2003, and issued on September 30, 2008.

30. Under 35 U.S.C. § 154(b)(1)(A), the Plaintiff is entitled to an A Delay adjustment of the term of the '644 patent of a period of 777 days due to the USPTO's failure to comply with deadlines under subsection (b)(1)(A).

31. Under 35 U.S.C. § 154(b)(1)(B), the Plaintiff is entitled to an additional B Delay adjustment of the term of the '644 patent of a period of 736 days, which is the number of days that the issue date of the '644 patent exceeds three years from the filing date of the application.

32. Section 35 U.S.C. § 154(b)(2)(A) states that "to the extent...periods of delay attributable to grounds specified in paragraph [154(b)(1)] overlap, the period of any adjustment granted under this subsection shall not exceed the actual number of days the issuance of the patent was delayed." For the '644 patent, there are 176 days of overlap between periods of A Delay and B

Delay. Therefore, 176 days of overlap must be excluded from the patent term adjustment calculation.

33. Pursuant to 35 U.S.C. § 154(b)(2)(A), the sum of the period of A Delay (777 days) and the period of B Delay (736 days), less the period of overlap between A and B Delay (176 days), is 1337 days.

34. Pursuant to 35 U.S.C. § 154(b)(2)(C), the sum of the period of A Delay and the period of B Delay, less the period of overlap, is reduced by the period of Applicant Delay, which is 5 days as determined in Count 1.

35. Accordingly, the correct patent term adjustment under 35 U.S.C. § 154 is the sum of the period of A Delay (777 days) and the period of B Delay (736 days), less the period of overlap between A and B Delay (176 days), less the period of Applicant Delay (5 days), yielding 1332 days of patent term adjustment.

36. Defendant's imposition of only 652 days of patent term adjustment for the '644 patent is arbitrary, capricious, an abuse of discretion, inconsistent with the language of 35 U.S.C. § 154 and related rules, or otherwise not in accordance with law and in excess of statutory jurisdiction, authority or limitation.

## CONCLUSION AND REQUEST FOR RELIEF

WHEREFORE, Memory Pharmaceuticals prays for the following relief:

A. Issue an Order changing the period of patent term adjustment for the '644 patent from 652 days to at least 1332 days, and requiring Defendant to alter the term of the '644 patent to reflect the 1332 day patent term adjustment;

B. If the Court finds the Applicant Delay should remain 125 days, in the alternative, issue an Order changing the period of patent term adjustment for the '644 patent from 652 days

to at least 1212 days, and requiring Defendant to alter the term of the '644 patent to reflect the 1212 day patent term adjustment;

C.   If *Wyeth v. Dudas* No. 07-1492, 580 F. Supp. 2d 138 (D.D.C. Sept. 30, 2008) is reversed in favor of the USPTO, in the alternative, issue an Order changing the period of patent term adjustment for the '644 patent from 652 days to at least 772 days, and requiring Defendant to alter the term of the '644 patent to reflect the 772 day patent term adjustment;

D.   Grant to Memory Pharmaceuticals such other and further relief as the nature of the case may admit or require and as this Court deems just and proper.

Respectfully submitted,

Dated: March 26, 2009

By: _____
David O. Bickart (DC Bar No. 355313)
KAYE SCHOLER LLP
The McPherson Building
901 Fifteenth St., N.W., Suite 700
Washington, D.C. 20005-2327
Tele. (202) 682-3500
Fax (202) 682-3580

Of Counsel:
Patricia Carson
Jeanna Wacker
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022-3598
Tele. (212) 836-8374
Fax (212) 836-6312

*Attorneys for Memory Pharmaceuticals Corp.*